**IN THE UNITED STATES DISTRICT COURT**
**FORTHE NORTHERN DISTRICT OF WEST VIRGINIA**
**Clarksburg**

**DAVID CHRISTOPHER MONROE,**

       Petitioner,

    v.                                 **Crim. Action No.   1:20-CR-20-4**
                                         **Civil Action No.    1:22-CV-57**

**USA,**

       Respondent.

## REPORT AND RECOMMENDATION

### I.      INTRODUCTION

On July 25, 2022, David Christopher Monroe ("petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 1:22-CV-57 Doc. 1; Criminal Action Number 1:20-CR-20-4 Doc. 318].[1] On January 17, 2023, respondent filed a Response in Opposition to the Motion. [Doc. 352]. On March 6, 2023, petitioner filed a reply to the response. [Doc. 373]. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss petitioner's motion.

### II.      PROCEDURAL HISTORY

**A. Conviction and Sentence**

On June 23, 2023, the United States Attorney filed a Superseding Indictment charging petitioner with conspiracy to possess with intent to distribute and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846; two

---

[1] From this point forward, all document numbers refer to petitioner's criminal action.

counts of possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and two counts of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   On November 18, 2020, petitioner appeared before the undersigned for a plea hearing at which he entered a plea of guilty to count ten, possession with intent to distribute fifty grams or more of methamphetamine, pursuant to a plea agreement.   On July 14, 2021, petitioner appeared before Judge Kleeh for sentencing.   Judge Kleeh reviewed the Presentence Report with the parties and applied a two-level increase for recklessly creating a substantial risk of death or serious bodily injury to another person by fleeing from a law enforcement officer under U.S.S.G. § 3C1.2.   Judge Kleeh then imposed a sentence of 168 months, to be followed by 5 years of supervised release.   The undersigned notes that the remaining counts were dismissed on the motion of the United States.

**B. Appeal**

Petitioner did not file an appeal in this case.

**C. Federal Habeas Corpus**

On July 25, 2022, petitioner filed the instant petition.   In his petition, petitioner raises a single ground for relief: that his counsel was ineffective by failing to object to the two-level enhancement for fleeing under U.S.S.G. § 3C1.2.   Petitioner contends that the application should not have been applied and that his attorney failed to properly acquaint himself with the law and facts in this case.   For relief, petitioner seeks to be resentenced without the two-point enhancement and specifically to receive 33 months off his sentence.

### III.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'"  *Beyle v. United States*, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)).  "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).  "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence."  *Id*. (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).  "If he satisfies that burden, the court may vacate, set aside, or correct the sentence."  *Id*. (citing 28 U.S.C. § 2255(b)).  "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion."  *Id*. (citing *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)).

### IV.     ANALYSIS

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: first, he must show both that counsel's performance fell below an objective standard of reasonableness and, second, that he was prejudiced by counsel's alleged deficient performance.  *Id*. at 669.

3

When considering the reasonableness prong of **Strickland**, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." **Id**. at 689; *see also* **Gray v. Branker**, 529 F.3d 220, 228–29 (4th Cir. 2008). This first prong requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" **Lewis v. Wheeler**, 609 F.3d 291, 301 (4th Cir. 2010) (quoting **Strickland**, 466 U.S. at 688). The court must judge counsel "on the facts of the particular case," and assess counsel's performance "from counsel's perspective at the time." **Strickland**, 466 U.S. at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." **Strickland**, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." **Bunch v. Thompson**, 949 F.2d 1354, 1363 (4th Cir.1991).

To satisfy the prejudice prong of **Strickland**, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. **Id**. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." **Id**. This second prong requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. **Strickland**, 466 U.S. at 687. If it is clear the petitioner has failed to satisfy either prong of the **Strickland** standard, a court need not inquire into whether he satisfied the other.

Here, the undersigned finds that petitioner has failed to establish the performance prong of **Strickland**.  In the petition, petitioner states his ineffective assistance claim as follows:

> My attorney failed to move against prosecution to challenge the two-point enhancement for fleeing with reckless indifference.  It is nonviolent and therefore no enhancement should have been applied.

[Doc. 318 at 4].  Plaintiff is referring to the two-point enhancement applied to his sentence under the U.S. Sentencing Guidelines § 3C1.2.  Under this Guideline section,

> If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels.

U.S.S.G. § 3C1.2.  At sentencing, the Court applied this enhancement to petitioner's Guidelines, resulting in a two-level increase.

However, the record reflects that contrary to petitioner's claim, petitioner's counsel *did* object to the application of the enhancement.  First, petitioner's counsel filed objections to the Presentence Report, including an objection to the two-point enhancement under U.S.S.G. § 3C1.2; petitioner's counsel argued that the facts of defendant's flight did not rise to the level of "substantial risk of death or serious bodily injury to another."  [Doc. 257 at 46].  Second, at the sentencing hearing, petitioner's counsel argued the same objection, arguing that the circumstances of petitioner's arrest, on which the enhancement was based, did not rise to the level of risk of death or serious injury.  [Doc. 349 at 28–30].  Further, the undersigned notes that petitioner's counsel made these objections despite the fact that in petitioner's plea agreement he had stipulated "that the defendant fled from law enforcement creating a substantial risk of death or serious injury to another person."  [Doc. 140 at 3].

Based on the above, petitioner clearly cannot meet the first prong of **Strickland**. Petitioner's counsel made an objection to the application of U.S.S.G. § 3C1.2, so he can hardly be said to have been ineffective for failing to object to the Guideline enhancement. To the extent petitioner contends that his counsel should have made a different objection to the Guideline enhancement based on the "nonviolent" nature of his conduct, this argument is without merit. First, as noted above, petitioner stipulated that he had "fled from law enforcement creating a substantial risk of death or serious injury to another person." [Doc. 140 at 3]. Based on this stipulation, it would not have been unreasonable for counsel to make no objection at all, and it appears that counsel in this case went above the standard in filing his objection. Second, in petitioner's supplemental memorandum, he contends that the Government was required to prove "a purposeful or knowing mental state." [Doc. 318-1 at 1]. Insofar as petitioner is claiming the sentencing enhancement required more than "reckless" level of intent, this is directly contradicted by the sentencing guidelines and the commentary, which explicitly include the standard of "recklessly." Such an objection would therefore have been frivolous, and counsel is not ineffective for failing to raise a frivolous objection.

In his reply to the Government's response, petitioner asserts that "Mr. Monroe inadvertently accepted the government's plea under poor guidance." [Doc. 373 at 2]. To the extent petitioner is attempting to assert an additional claim based on being misinformed about the plea agreement, the Court should reject this claim. First, the undersigned notes that this claim is untimely. There is a one-year statute of limitations for filing a motion under § 2255, which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  When a prisoner does not file a notice of appeal, the judgment becomes final when the time for seeking such review expires.  *Clay v. United States*, 537 U.S. 522 (2003).  Here, petitioner's judgment became final on August 19, 2021, fourteen days after the judgment of conviction.  *See* Fed.R.App.P. 4(b)(1)(A)(i).  To the extent petitioner seeks to assert a new claim in his reply, filed March 6, 2023, this claim is untimely.

Second, the record reflects that on November 18, 2020, the undersigned held a plea hearing.  At that hearing, the undersigned confirmed that petitioner understood the consequences of entering his plea under the agreement.  In particular, the undersigned went over the consequences of the stipulation that he had fled:

THE COURT:        Okay. So let me ask you, Mr. Radman, that's why I talked to you about this, Mr. Monroe, is that you have stipulated to a dangerous weapon and also fleeing, and under the guidelines those will cause your sentence – the amount that you're sentenced to will go up, do you understand that?

THE DEFENDANT: I do, your Honor.

7

THE COURT:        And it would be a two-level increase from your perspective, Mr. Flower, for the firearm, and then a two-level increase for the flight; is that correct?

MR. FLOWER:       That is correct, Your Honor.

. . .

THE COURT:        Well, I'll spend some more time with him when we're going over the guideline section.  I just wanted to make sure that you understand, Mr. Monroe, that the whole guidelines and sentencing are driven by the things that you have stipulated to, meaning the amount and the gun and the flight.  You do understand that this is what the guidelines are driven by and what will determine your sentence will be; do you understand that, Mr. Monroe?

THE DEFENDANT: Yes, Your Honor.

[Doc. 334 at 25–27].  Accordingly, it is clear that petitioner was aware of the effect of the flight stipulation when he entered his plea and he is unable to now claim that his counsel's poor guidance caused him to misunderstand his point.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 1:22-CV-57 Doc. 1; Criminal Action Number 1:20-CR-20-4 Doc. 318**] be **DENIED** and **DISMISSED with prejudice**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court, **specific written objections, identifying**

**the portions of the Report and Recommendation to which objection is made, and the basis of such objection**.  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  April 18, 2023.

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE